UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID RAY MALDONADO,

    Plaintiff,

v.                              Case No: 2:17-cv-175-FtM-29CM

TERENCE PERKINS, in his personal capacity, JANE DOE PERKINS, R. J. LARIZZA, in his personal capacity, JANE DOE LARIZZA, STATE OF FLORIDA, and FLAGER COUNTY 7TH JUDICIAL CIRCUIT COURT,

    Defendants.

---

## ORDER OF DISMISSAL

Plaintiff, an inmate at the Moore Haven Correctional Facility in Moore Haven, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Jane Doe Larizza, R. J. Larizza, Jane Doe Perkins, and Terence Perkins (Doc. 3, filed March 27, 2017). Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2). On April 21, 2017, Plaintiff filed an amended complaint in which he added the State of Florida and the Seventh Judicial Circuit Court as defendants (Doc. 9).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is

frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

For the reasons given in this Order, the claims raised in the complaint are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Complaint

Plaintiff's amended complaint is very difficult to understand. Generally, he asserts that he is "a constituent member of that certain body corporate and real and natural sovereign body known as *the good People of these Colonies*, successor sovereign to King George III of England. . ." (Doc. 9 at 1) (emphasis in original). He asserts that his complaint "does not fit within the DISTRICT COURT's form for civil rights violations as [he] is not [a] statutory citizen, and [he is] not claiming jurisdiction under said statutes." Id. (emphasis in original). Plaintiff asserts that he is the "true heir and beneficiary" of his own legal estate, and as a result, he exercises his "right to the possession and control of the same." Id. at 3.

Plaintiff sues the Courts and prosecuting attorneys from his underlying criminal case and asserts that they (the defendants) are "for-profit corporations acting under military process as opposed to *de jure* courts and offices of the people." Id. at 6. He asserts that the court "receives an income stream from every conviction, which is a huge conflict of interest." Id. As a

result, Plaintiff challenges the subject matter jurisdiction of the state criminal court, and urges that his conviction is void. Id. Plaintiff further urges that "criminal prosecutions are civil, and the Sureties are being put in prison for contempt for failing to pay the debt." Id. at 9.

Plaintiff seeks damages and the dismissal of his underlying criminal conviction (Doc. 9 at 11-12).

## II. **Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal-
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who

is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se

litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Plaintiff's claims must be dismissed because he challenges the validity of his underlying criminal convictions. In Heck v. Humphrey, the United States Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus[,]" and complaints containing such claims must therefore be dismissed. 512 U.S. 477, 483–489 (1994). Under Heck, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" 512 U.S. at 487. The Supreme Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under § 1983. Id. at 481. In so doing, the court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action.

In Edwards v. Balisok, the Supreme Court concluded that a state prisoner's "claim[s] for declaratory relief and money

damages . . . that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983" unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. 641, 648 (1997). Moreover, the court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Id. at 645. The court reiterated the position previously taken in Heck that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction is a petition for writ of habeas corpus. Balisok, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." Id. at 649.

Here, Plaintiff appears to argue that the state court in which he was convicted lacked subject matter jurisdiction. Accordingly, his claims necessarily call into question the lawfulness of Plaintiff's convictions and his continued incarceration. Because Plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are premature and not cognizable under § 1983.

A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal

defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488–490 (1973). A review of the docket indicates that Plaintiff has not filed a 28 U.S.C. § 2254 habeas petition. Therefore, should Plaintiff wish to challenge his confinement pursuant to 28 U.S.C. § 2254, he should file a habeas corpus petition on the habeas corpus form provided as an attachment to this Order by the Clerk.

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's amended complaint (Doc. 9) is **DISMISSED** pursuant to 28 U.S.C § 1915(b)(1) for failure to state a claim upon which relief may be granted;

2. The Clerk of Court is directed to send Plaintiff a 28 U.S.C. § 2254 habeas corpus form; and

3. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this __28th__ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: David Ray Maldonado
Encl: 28 U.S.C. § 2254 form